UNITED STATES DISTRICT COURT<br>
*for the district of*<br>
NEW JERSEY

UNITED STATES OF AMERICA

Vs                                              CASE NO. 21-cr-430- (SDW)

Dr. ALEXANDER BALDONADO

_____/

## MOTION TO DISMISS INDICTMENT FOR
## INEEFECTIVE ASSISTANCE OF COUNSEL

### FACTS

As the master docket sheet in this action will show, defendant's "advocate" has done little or nothing to prepare for trial. Instead, defendant's court-appointed counsel has appeared interested in nothing more than a "plea bargain."

Defendant Dr. Alexander Baldonado has been charged in a six-count indictment for Medicare fraud. The charges are complex and requires extensive investigation and research to exonerate Dr. Baldonado. Attorney Linda Foster of the New Jersey Federal Public Defenders has apparently made no attempt whatsoever to determine that Dr. Baldonado is innocent of the crimes charged.

No discovery has been handed over to defendant. Without any discovery, defendant is unable to prepare a defense. The time for defendant to present his discovery has expired. Every time defendant reaches out to communicate with Linda Foster, she is never available, and time continues to go by, and the case just lingers on the Court's docket with no action.

### ARGUMENT

Defendant Dr. Baldonado is being forced to go to trial with ineffective assistance of counsel in violation of his Sixth Amendment rights.

From the amount of "preparation" that Defendant's counsel has put into defendant's "defense," it is obvious that defendant's counsel has no interest or intention of acting as a vigorous advocate for the defendant. (i.e., it is apparent that defense counsel intends to do as little as possible to defend him).

Because the right to counsel is so fundamental to a fair trial, the Constitution cannot tolerate trials in which counsel, though present in name, is unable to assist the defendant to obtain a fair decision on the merits. *Evitts v Lucey*, 105 S. Ct 860,836 (1985).

Defendant has a right to due process of law. Due process means fundamental fairness. *Hampton v. United States*, 96 S. Ct. 1646, 1652 note 6 (1976).

Ineffective counsel deprives the court of jurisdiction. United States v. Levine, 127 F. Supp. 651 (D. Mass. 1955).

There is a constitutional requirement of effective assistance of counsel: which is reasonably likely to render and does in fact render reasonably effective assistance under the particular facts and circumstances of the case.

Current defense counsel has not met with Dr. Maldonado to review the case, the evidence and any available defenses to the charges. Such deriliction, by Ms. Foster, undermines the defendant's constitutional rights to Due Process and effective assistance of counsel.

The duty to investigate includes a duty to make reasonable investigations or to make a reasonable decision that makes investigations unnecessary. The reasonableness of the decision not to investigate must be judged according to the circumstances of each case, with a heavy measure of the deference given to counsel's judgement.

**WHEREFORE**, defendant, Dr. Baldonado, moves that the relief he requests be granted.

Respectfully submitted,

*[signature]*

Dr. Alexander Baldonado-pro se
5134 Simonson Street
Elmhurst New York 11373

## CERTIFICATE OF SERVICE

On September 27, 2021 I, Alexander Baldonado, did place in the US Mail, first class a copy of my Motion to Dismiss for Ineffective Assistance of Counsel and mailed to:

**REBECCA RUTH YUAN**
U.S. DEPARTMENT OF JUSTICE
970 BROAD ST
SUITE 700
NEWARK, NJ 07102
(202) 262-3520
Email: rebecca.yuan@usdoj.gov

**LINDA D. FOSTER**
OFFICE OF THE FEDERAL PUBLIC DEFENDER
972 BROAD STREET
NEWARK, NJ 07102
(973) 645-6347
Email: linda_foster@fd.org

This 27 of September, 2021

Dr. Alexander Baldonado-pro se
5134 Simonson Street
Elmhurst New York 11373