**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

January 14, 2025

Hyungjoo Han, Trial Attorney
DOJ-CRM
Criminal Division, Fraud Section
1400 New York Avenue NW
8th Floor
Washington, D.C. 20005
*Counsel for Plaintiff*

Rebecca R. Yuan, AUSA
U.S. Department of Justice
970 Broad Street
Suite 700
Newark, NJ 07102
*Counsel for Plaintiff*

Jose A. Muniz, Esq.
Law Offices of Jose A. Muniz
20-40 89th Avenue
Elmhurst, NY 11373
*Counsel for Defendant Baldonado*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

   Re: *USA v. Alexander Baldonado*, Crim. No. 21-430 (SDW)

Counsel:

Before this Court are Defendant Alexander Baldonado's ("Defendant" or "Baldonado") Motions[1] to Dismiss the Government's Superseding Indictment, (D.E. 83 & 87)[2]; Motion for Production of Grand Jury Minutes and Material, (D.E. 38); and Motion for Ruling on Pending Pretrial Motions asserting a speedy trial violation, (D.E. 90) ("Motions").  For the reasons set forth herein, Defendant's Motions are **DENIED**.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

This Court writes only for the parties and accordingly limits its discussion of the factual and procedural background to only the facts pertinent to the instant decision.

### A.  Factual Background

On May 24, 2021, a federal grand jury in the District of New Jersey returned an Indictment charging Baldonado with six counts alleging health care fraud.  (D.E. 1 at 6.)  On February 21, 2024, a federal grand jury returned a Superseding Indictment charging Baldonado with the following offenses:  conspiracy to commit health care fraud (Count One); health care fraud (Counts Two to Seven); conspiracy to defraud the United States and to offer, pay, solicit, and receive health care kickbacks (Counts Eight and Nine); and solicitation of health care kickbacks (Count Ten).  (*See generally* D.E. 61.)  The Superseding Indictment and its backer were signed by the grand jury foreperson after the grand jury returned a true bill.[3]  (*Id.* at 25–26.)

The Superseding Indictment alleges that from 2018 to May 2021, Baldonado and co-conspirators[4] signed, falsified, and altered laboratory requisition forms to order medically unnecessary laboratory tests that were billed to Medicare or Medicaid.  (D.E. 61 ¶¶ 3, 4, 5.a-.b.)  Among the tests ordered were cancer genetic screening tests, which Baldonado represented were

---

[1] In his Reply, Baldonado characterizes his Motion as a motion to dismiss for lack of jurisdiction.  (D.E. 86 at 1.)  However, the substance of his Motion challenges venue.  (*See* D.E. 83 at 1 (adopting prior motion to dismiss the indictment filed by former counsel "that raised the same venue issue"), 3 (arguing "venue in the District of New Jersey is constitutionally improper"), 5 (contending government actions alone cannot establish venue).)  Further, Baldonado cites Rule 12(b)(3)(A)(i) of the Federal Rules of Criminal Procedure, which specifically addresses venue.  Accordingly, this Court construes Baldonado's Motion filed at D.E. 83 as a challenge to venue.  *See United States v. Vitillo*, 490 F.3d 314, 319–20 (3d Cir. 2007) (concluding defendants' challenge to the indictment did not challenge jurisdiction where defendants challenged the facts contained therein).

[2] Unless otherwise designated, citations to "D.E." refer to the docket entries and documents attached thereto in Defendant Baldonado's matter.  This Court notes that the motions filed at D.E. 83 and 85 are one and the same.  Thus, this Opinion will only address the arguments contained in the Motions filed at D.E. 83 and 87, and not those in D.E. 85.  Additionally, this Court finds D.E. 83 subsumes the arguments made in Defendant's November 14, 2022 motion requesting a change of venue, (D.E. 32).

[3] The foreperson's signature is redacted to protect his or her identity.  *See United States v. Lavenant*, 607 Fed. App'x 217, 221 (3d Cir. Apr. 21, 2015) (explaining the grand jury foreperson's signature "is redacted to protect the foreperson's identity"); *United States v. Telfair*, No. 08-757, 2023 WL 3735958, at *4 (D.N.J. May 30, 2023) (rejecting challenge to an indictment's validity because the grand jury foreperson's name was redacted).

[4] The Superseding Indictment alleges Co-Conspirator One was a New York resident and Lab Company One's representative.  (*Id.* ¶ 1.e.)  It also alleges Co-Conspirator Two was a New Jersey resident and owned and operated Brace Company One.  (*Id.* ¶ 1.f.)

medically necessary, but were often for patients who were only seeking COVID-19 testing or who were not being treated for cancer. (*Id.* ¶¶ 5.e-.h.) Lab Company Three, located in Secaucus, New Jersey, performed the cancer genetic screening tests, pursuant to an agreement with Lab Companies One and Two, which were both located in New York. (*Id.* ¶¶ 1.b-.c, 5.i.) According to the Superseding Indictment, in exchange for submitting these false or fraudulent tests Baldonado received kickbacks. (*Id.* ¶ 15.a.)

Additionally, as alleged in the Superseding Indictment, Baldonado conspired with Co-Conspirator Two in a kickback scheme in which Baldonado would refer Medicare and Medicaid beneficiaries to Brace Company One for orthotic braces. (*Id.* ¶ 19.c.) Baldonado would also submit false or fraudulent claims for orthotic braces that were medically unnecessary for these beneficiaries and Brace Company One would bill Medicare and Medicaid. (*Id.* ¶ 19.b.) In exchange for the referrals and submission of false or fraudulent claims, Baldonado allegedly received illegal kickbacks in cash. (D.E. 61 ¶¶ 19.f-.g.)

### B. Procedural History

On December 27, 2022, then-counsel for Baldonado, Mr. Ricardo Morel, moved to dismiss the indictment, (D.E. 36), and to obtain access to grand jury minutes and material, (D.E. 38). At an April 4, 2023 status conference, this Court granted Mr. Morel's Motion to Withdraw as Counsel. (D.E. 45 & 46.) This Court addressed the pending motion and indicated it would be held in abeyance until it was clear whether new counsel would rely upon, pursue, or withdraw the motions filed by Mr. Morel. (D.E. 51 14:12–19.) On November 17 and December 9, 2024, Baldonado's new attorney, Mr. Muniz, filed the instant Motions, (D.E. 83 & 85), and indicated his reliance on the prior Motion for Production of Grand Jury Minutes and Material, (D.E. 89 at 1; D.E. 90 at 1.) On January 6, 2025, Defendant moved for a ruling on pending pretrial motions, asserting a speedy trial violation. (D.E. 90 at 1.) Despite finding Defendant's latest motion untimely, for the sake of completeness this Court will address its merits along with those of the other pending motions.

## II.   LEGAL STANDARD & DISCUSSION

### A. Venue

Defendant Baldonado argues the Superseding Indictment should be dismissed because venue is improper in the District of New Jersey. This Court finds the Superseding Indictment sufficiently establishes venue is proper in the District of New Jersey.

Venue must be proper for every count of an indictment, with the Government bearing the burden of proving venue by a preponderance of the evidence. *United States v. Menendez*, 831 F.3d 155, 176 n.3 (quoting *United States v. Root*, 585 F.3d 145, 155 (3d Cir. 2009)); *United States v. Auernheimer*, 748 F.3d 525, 533 (3d Cir. 2014). Under Federal Rule of Criminal Procedure 12(b)(3)(A)(i), a criminal defendant can move to dismiss an indictment for improper venue, consistent with his right to be tried in the district in which the crime was committed. *United States v. Rodriguez-Moreno*, 526 U.S. 25, 278 (1999). However, "a pretrial motion to dismiss an

indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000).

Baldonado maintains venue is improper on multiple grounds. First, he argues that the District of New Jersey is an improper venue because he never accessed Laboratory Three or conducted genetic testing here; instead, Baldonado maintains the alleged offense and overt acts took place "exclusively in Brooklyn, New York." (D.E. 83 at 2–3.) Next, Baldonado asserts that the Government's choice of conducting evidence analysis in a New Jersey laboratory is an insufficient basis to satisfy venue requirements under Rule 18 of the Federal Rules of Criminal Procedure. (D.E. 83 at 4–5.) Baldonado asks this Court to consider one of his co-conspirator's plea agreements as indicative of how the overt acts took place in New York. According to Baldonado, his indictment should be dismissed because the Government has not shown that at least one element of the offense occurred in this District. (D.E. 83 at 5.)

All in all, Baldonado asks this Court to either weigh the evidence or consider facts outside the Superseding Indictment. This we cannot do. *See DeLaurentis*, 230 F.3d at 660; *United States v. Menendez*, 137 F. Supp. 688, 694 (D.N.J. 2015) ("[O]nly the indictment may be considered in pretrial motions to dismiss for lack of venue, and . . . the allegations must be taken as true.") (quoting *United States v. Mendoza*, 108 F.3d 115, 1156 (9th Cir. 1997)) (alterations in original). Further, this Court finds the Superseding Indictment sufficiently alleges that conduct occurred in New Jersey. 18 U.S.C. § 3237(a) ("[A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."); *United States v. Perez*, 280 F.3d 318, 329 (3d Cir. 2002) ("[V]enue can be established wherever a co-conspirator has committed an act in furtherance of the conspiracy.") For example, the Superseding Indictment alleges that Baldonado ordered cancer genetic screening tests which were fulfilled at Laboratory Three, located in New Jersey, and that he would refer Medicaid and Medicare beneficiaries to Co-Conspirator Two, who was from New Jersey, in exchange for illegal kickbacks. (D.E. 61 ¶¶ 1.b-.c, 5.e-.i.) Even if some of the overt acts in this alleged conspiracy took place in Brooklyn, New York, as Baldonado asserts, it is clear other acts are alleged to have occurred in New Jersey. For purposes of the venue inquiry, that is sufficient.

### B. Grand Jury

Grand jury proceedings are entitled to "a presumption of lawfulness and regularity." *United States v. Chu*, 99 F.4th 610, 615 (3d Cir. 2024). Federal Rule of Criminal Procedure 6 contains the requirements for a grand jury. Rule 6(b)(2) permits a party to move to dismiss an indictment based on an objection to the grand jury's lack of legal qualification. The court appoints one juror as a foreperson and he or she "record[s] the number of jurors concurring in every indictment." Fed. R. Crim. P. 6(c). The foreperson files the record with the clerk, but "the record may not be made public unless the court so orders." *Id.* 6(f). A party objecting to some aspect of a grand jury's proceedings bears the burden of making a factual showing of the alleged irregularity or impropriety. *See In re Grand Jury Matter*, 770 F.2d 36, 40 (3d Cir. 1985); *Chu*, 99 F.4th at 615–16 (concluding District Court properly rejected a challenge to the timing of a superseding

indictment's presentment where the defendant "presented no facts to rebut" presumption of lawfulness and regularity).

Baldonado claims the superseding indictment is unconstitutional because the requisite number of grand jurors did not vote on it and the foreman's signature is insufficient to make the indictment a true bill. (D.E. 87 at 2–3; D.E. 89 at 1–2.) Yet, here, a grand jury foreperson signed the Superseding Indictment and its backer, consistent with Rules 6(c) and (f). (D.E. 61 at 25–26.) Baldonado makes no factual showing to support his claim that the requisite number of grand jurors did not vote on the Superseding Indictment, instead offering mere conclusory statements. As such, this Court rejects his challenge to the Superseding Indictment on the grounds that the requisite number of grand jurors did not vote on it. *See Chu*, 99 F.4th at 615–16.

### C. Request for Grand Jury Records

Baldonado submits his right to a grand jury selected from a fair cross-section of the community may have been compromised, citing the Jury Selection and Service Act ("JSSA"), 28 U.S.C. § 1861 *et seq.* (D.E. 87 at 3.) He requests "access to the records and papers used in connection with the constitution of the Master and Qualified Jury Wheels" for this District. (*Id.*; D.E. 89 at 1; D.E. 38 at 3–6.) He maintains "the lack of evidence that he was involved in health care fraud" presents a particularized need to access grand jury records. (D.E. 38 at 4.)

Having found that the Superseding Indictment presents a sufficient factual basis to establish venue in this District, this Court finds the remainder of Baldonado's arguments relating to accessing and inspecting grand jury proceeding records and material meritless. Baldonado has not made the requisite factual showing that would move this Court to depart from the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958). The request concerning the Master and Qualified Jury Wheels is similarly rejected for failure to comply with the procedural prerequisites for challenging grand jury selection procedures set forth in the JSSA, 28 U.S.C. § 1867(d).

### D. Speedy Trial Violation

In his latest motion, Baldonado argues this Court's inaction and two-and-a-half-year delay in deciding the pending pretrial motions amounts to a speedy trial violation which has "severely impacted" his ability to prepare a proper defense and has "hindered counsel's ability to provide effective representation." (D.E. 90 at 2.)

To effectuate the Sixth Amendment's guarantee of a speedy and public trial,[5] Congress enacted the Speedy Trial Act ("STA"), which sets forth "specified time limits after arraignment or indictment within which criminal trials must be commenced." *United States v. Rivera Constr. Co.*, 863 F.2d 293, 295 (3d Cir. 1988). Under the STA's requirements, a defendant must be brought to trial within seventy days following his indictment or first appearance before the court, whichever

---

[5] The Sixth Amendment provides, in relevant part, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend VI.

occurs later. 18 U.S.C. § 3161(c); *Rivera*, 863 F.2d at 295. If the trial does not begin within the seventy-day period, the indictment must be dismissed. 18 U.S.C. § 3162(a)(2). However, Section 3161(h) excludes certain periods of delay, including when a judge grants a continuance "on the basis of his [or her] findings that the ends of justice served by taking such an action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When assessing a claim for a speedy trial violation, courts balance the following factors: (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted his or her right to a speedy trial, and (4) the prejudice suffered by the defendant from the delay. *Barker v. Wingo*, 407 U.S. 514, 530–32 (1972).

Since Defendant's arraignment on the original Indictment, this Court entered twelve speedy trial continuances. (D.E. 11, 20, 22, 27, 30, 41, 49, 56, 58, 62, 63, 68.) Every continuance entered by this Court has been upon the joint application of both parties and has considered the factors set forth in 18 U.S.C. § 3161(h)(8). (*See, e.g.*, D.E. 63 at 1–2 (considering the complexity of and voluminous discovery in this case, citing 18 U.S.C. §§ 3161(h)(7)(A) and (B)(ii), and granting a continuance to allow defense counsel time to prepare).) Contrary to Baldonado's assertion that he "has been asserting his right to a speedy trial," (D.E. 90 at 2), throughout the course of this prosecution not one of Defendant's four attorneys previously raised a speedy trial issue.

Although a defendant does not waive his speedy trial right "for any period prior to which he has not demanded a trial," *Barker*, 407 U.S. at 525, Defendant's assertion of his right now—on the eve of trial and after a series of continuances agreed to by both parties—renders Baldonado's claim hollow. *See United States v. Fields*, 39 F.3d 439, 443 (3d Cir. 1994) ("The defendant's arguments are disturbing because he would have us order the dismissal of his indictment based on continuances that his own attorney sought."), *United States v. Loud Hawk*, 474 U.S. 302, 314 (1986) (stating the mere assertion of the speedy trial right by defendants is not dispositive and that "[t]hese assertions . . . must be viewed in the light of the respondents' other conduct"); *cf. United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("Defendants cannot be wholly free to abuse the system by requesting (h)(8) continuances and then argue that their convictions should be vacated because the continuances they acquiesced in were granted."). Here, the first three *Barker* factors do not weigh in favor of finding a speedy trial right violation.

Lastly, Baldonado's generalized assertions of prejudice do not sufficiently support his speedy trial violation claim. The Sixth Amendment right to a speedy trial protects the following interests: (1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532. "The burden of showing prejudice lies with the individual claiming the violation and '[the] possibility of prejudice is not sufficient to support [the] position that . . . speedy trial rights [are being] violated.'" *Hakeem v. Beyer*, 990 F.2d 750, 760 (3d Cir. 1993) (alterations in original) (quoting *Loud Hawk*, 474 U.S. at 315). Having no reason to find either negligence or bad-faith delay, but instead finding the Government's prosecution of this matter to have been diligent, this Court deems the "pretrial delay" in this matter "both inevitable and wholly justifiable." *Doggett*

*v. United States*, 505 U.S. 647, 656 (1992). Because none of the *Barker* factors weigh in favor of finding a violation, Defendant's Motion asserting a speedy trial violation is denied.

### IV.     CONCLUSION

For the foregoing reasons, this Court **DENIES** Defendant's Motions to Dismiss the Indictment, (D.E. 83 & 85), Motion for Production of Grand Jury Minutes and Material, (D.E. 38), and Motion for Ruling on Pending Pretrial Motions asserting a speedy trial violation, (D.E. 90).


                                        /s/ Susan D. Wigenton
                                        **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties